Per Curiam.
On examination of the papers in this case, both of the appeal and of the motion to dismiss, we are of opinion that the issues of the case were properly referable, and that the order of reference should not be reversed. The practice adopted in the case is certainly not commendable. That a plaintiff resident in New York should sue another resident of the same city, laying the place of trial in a distant district and county for.the purpose of moving when issue is joined for reference in that district, notwithstanding the defendant is by law entitled to, and has, in due form, demanded a change of the place of trial to the proper county, is to seek an undue advantage and ought not to have been successful. But we are not prepared to hold that the order of reference was made without jurisdiction, although moved and granted at the same special term at which the motion to change the place of trial was' granted. The referee appointed was an attorney practicing in this city, and it does not appear that he is partial or not competent to try and determine the case. It appears also that the reference had proceeded before him for a considerable period before the appeal was taken. We think the order of reference should be affirmed, but under all circumstances without costs. The motion to dismiss the appeal should be *482 denied. Whether it was taken in time' is in controversy between the attorneys for the respective parties; but as the order of reference was never completed by the naming of a referee till the last order nominating such referee was entered, we think an appeal from that order would bring up of course the question involved in the previous order.. The affidavit on the part of the appellant claims that the last order was not served till a time preceding the notice of appeal, which, if correct (as we are inclined to think it is), would bring the appeal within the prescribed period of the Code. The motion to dismiss should be denied, but without costs.